UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PETER MROZIK,                                                                 No. 08-12533

   Debtor(s).
_____/

Memorandum on Motion to Compel Abandonment
_____

   As near as the court can tell - the facts presented in the motion are vague - Chapter 7 debtor Peter Mrozik has a 50% interest in a testamentary trust which became property of his bankruptcy estate when he filed his petition November 26, 2008. Nothing can be recovered for creditors until Mrozik's 80-year-old stepmother dies. The Chapter 7 trustee, Jeffry Locke, has been keeping the bankruptcy case open until then so that he can obtain a recover for creditors. Mrozik's schedules reflect numerous creditors, holding unsecured claims in excess of $550,000.00.

   Relying on *In re Gebhart,* 621 F.3d 1206 (9th Cir. 2010), and arguing that he is being denied his "fresh start," Mrozik has moved the court to compel Locke to abandon his interest in the trust. For the reasons stated below, the court finds the motion completely without merit.

   First, Mrozik already has his fresh start. He was discharged from his debts in 2009. The issue is only whether he gets to keep an estate asset while his creditors go unpaid.

   Second, Mrozik's reliance on *Gebhart* is entirely misplaced. That case involved two separate lower court cases where trustees kept cases open in order to realize recovery for creditors based on

1

postpetition events.  The Court of Appeals in *Gebhart* affirmed the two lower court rulings *against* the debtors in those cases.  While the court did indeed state, as a general principle, that a trustee has a duty to administer an estate quickly and expeditiously, the court specifically noted that if the trustee fails in this duty - which the court does not find under the facts of this case - the matter is one for trustee discipline (which Mrozik has no standing to seek because there is no surplus in the estate) and that *"[A]bandonment of an asset is not a remedy for a trustee's misconduct."*  621 F.3d at 1212 (emphasis added).

Under the facts of this case, the court has no quarrel with Locke's decision to keep the estate open until funds can be realized from the estate's interest in the trust.  However, even if that decision is considered improper the remedy is complaint to the U.S. Trustee or a motion to remove Locke as trustee.  As the court specifically held in *Gebhart,* abandonment of an asset is not justified.

For the foregoing reasons, Mrozik's motion will be denied.  Counsel for Locke shall submit an appropriate form of order.

Dated:  April 18, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2